IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TRACY COPELAND et al.,

    Plaintiffs,

v.                              CASE NO. 4:15cv452-RH/CAS

JULIE L. JONES, etc., et al.,

    Defendants.

_____/

## ORDER FINALLY APPROVING THE SETTLEMENT

The plaintiffs in this class action challenge the treatment of hernias by the Florida Department of Corrections and its prior contracted medical provider, Corizon LLC. The case is before the court for final approval of the parties' settlement. The background and terms of the settlement are set out in the consent order that was entered on September 23, 2016. ECF No. 78. That order certified settlement classes and subclasses and preliminarily approved the settlement. These more recent orders clarified or added to the consent order: the order approving class-member verification procedures (ECF No. 86), the order extending the opt-

out and claim-form deadline (ECF No. 89), and the order on compliance with Class Action Fairness Act (ECF No. 166).

The settlement is a fair, adequate, and reasonable resolution of a bona fide dispute. The settlement did not result from collusion. The agreed class-representative fees are reasonable. The agreed attorney's fees were separately negotiated, are reasonable, are within the range that customarily would be charged by attorneys in this district for services of this kind, and comport with the standards governing fee awards in this circuit in cases of this kind. *See, e.g.*, *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774-75 (11th Cir. 1991) (requiring fees in a common-fund case to be calculated under the percentage approach and noting factors to be considered in determining the percentage). The settlement classes and subclasses have been properly certified. The consent order has been properly implemented to this point. All procedural requirements have been met.

These individuals have opted out: Duane Armstrong, Allan Barahona, Jesse Bradley, Micheal J. Brooks, Rene Cardona, Timothy Cooper, Gregory Davis, John Davis, Charles Andre Edler, John Ethridge, the Estate of Jose L. Garcia, Al R. Hopkins, John Houts, Mark Hugo, Ricky Jenkins, Shawn Karahalios, Fred Martin, Bobby J. Messer, Troy S. Monn, Charles L. Morris, Andrew Nazworth, Thomas Payne, Justin Sage, Carlton Simmons, and Dale F. Woodyard Jr.

All objections and motions have been fully considered. None provides a basis to disapprove or alter the terms of the settlement. The implementation of the settlement has consisted of the best practicable effort to identify prisoners who might have claims and to include them in the proper classes, the best practicable notice to all prisoners in an effort to allow the submission of claims by any prisoner who might have been missed, the setting of a reasonable deadline for submission of claims by any such prisoner, and a reasonable methodology for allowing late submission of claims if warranted. That other prisoners have asserted belated claims is not a basis to disapprove the settlement. Without a reasonable methodology and reasonable cutoff, claims of this kind could never be finally settled—a result that would not serve the interests of class members.

The settlement is not an adjudication of the merits and does not speak to the issue of whether the defendants did or did not violate the class members' rights. The defendants have denied any violation throughout the litigation and continue to do so.

Upon consideration of all relevant factors and for the reasons set out in the September 23, 2016 order, this order, and on the record of the hearing of March 29, 2017, this order finally approves the settlement.

For these reasons,

IT IS ORDERED:

1. The motion to finally approve the settlement, ECF No. 127, is granted.

2. The settlement is finally approved and is binding on the parties and class members. For purposes of this order, the term "class members" means members of the classes and subclasses certified by the order that was entered on September 23, 2016, ECF No. 78, except for those listed above who properly opted out.

3. The parties and class members must comply with the settlement agreement. The named plaintiffs and class members are enjoined from initiating or pursuing any claim that has been released under the settlement agreement.

4. All objections are overruled.

5. These motions are denied as unfounded, unnecessary, or moot:

   a. Don Ferguson's "motion to object," ECF No. 133.

   b. Jon Duke DePriest's "motion for belated objection" and other relief, ECF No. 156.

   c. Phillip Collins's "motion to transport or in the alternative for telephonic hearing," ECF No. 159.

   d. Raymond Johnson's "motion for joinder of parties," ECF No. 160, and second "motion for joinder of parties," ECF No. 179.

   e. Scott Meyers's affidavit, ECF No. 172, which is deemed a motion to be added to the damages class.

    f. Clyde Stokes's motion to extend time, ECF No. 187, and motion to be added to the damages class, ECF No. 193.

    g. Raymond Johnson's "motion to compel a response," ECF No. 194.

    h. Jon Duke DePriest's second "motion for belated objection" and other relief, ECF No. 199.

6. No further relief is granted on these requests or notices, but class counsel should respond as appropriate to inquiries, to the extent that has not already been done: ECF Nos. 74-1, 81-1, 82-1, 82-2, 82-3, 85-1, 87-1, 87-2, 90-1, 90-2, 90-3, 91-1, 91-2, 91-3, 91-4, 92-1, 92-2, 92-3, 94, 96–122, 124-1, 126-1, 128–155, 157, 158, 161, 162, 167–173, 180, 183–186, 188–192, 195–198, 200–212, 214, and 215.

7. All claims of the named plaintiff and class members are voluntarily dismissed with prejudice under Federal Rule of Civil Procedure 41.

8. Jurisdiction is retained to enforce the settlement agreement and the order to comply with the settlement agreement.

9. The clerk must enter judgment stating, "The parties and class members are ordered to comply with the settlement agreement. The named plaintiffs and class members are enjoined from initiating or pursuing any claim that has been released under the settlement agreement. The court reserves jurisdiction to enforce the order to comply with the settlement agreement and not to initiate or pursue any claim

that has been released under the settlement agreement. All claims in this case are voluntarily dismissed with prejudice under Federal Rule of Civil Procedure 41."

10. The clerk must close the file.

11. A party who objects to the terms of this order or the judgment to be entered based on this order must file a timely motion to alter or amend under Federal Rule of Civil Procedure 59(e).

SO ORDERED on September 11, 2017.

s/Robert L. Hinkle<br>
United States District Judge