# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

TRACY COPELAND et al.,

    Plaintiffs,

v.                                CASE NO. 4:15cv452-RH/CAS

MARK S. INCH,

    Defendant.

_____/

## ORDER TERMINATING THE CONSENT DECREE, DENYING THE MOTION TO ENFORCE, AND DENYING THE MOTION FOR ATTORNEY'S FEES

The plaintiffs in this class action challenged the treatment of hernias by the Florida Department of Corrections and its prior contracted medical provider, Corizon, LLC. The parties entered into a settlement agreement that resulted in a consent decree. The decree was entered on September 11, 2017.

On April 25, 2019, the plaintiffs moved to enforce the decree. The defendants opposed the motion to enforce but ultimately agreed to modify the decree in respects favorable to the plaintiffs. On August 15, 2019, the

modifications were approved, and the motion to enforce was denied in all other respects. There was no finding that any violation had occurred.

In late 2020 the parties were again at odds. A deadline was set for motions addressing the issues. On January 15, 2021, the plaintiffs filed another motion to enforce the decree, and the defendant Secretary of the Department of Corrections moved to terminate the decree. To their credit, the parties have again agreed to resolve their substantive dispute, leaving open only the issue of attorney's fees. Based on the parties' agreement, this order terminates the consent decree and denies the motion to enforce as moot.

As proper under this district's bifurcated attorney's fee procedure, the plaintiffs have moved for an order determining their entitlement to a fee award. The consent decree awarded the plaintiffs substantial attorney's fees and provided that no further fees would be payable except under this provision:

> Neither Plaintiffs nor Class Counsel shall be entitled to any additional attorneys' fees, expenses, or class administration expenses in this action or against Defendants; provided, however, that Plaintiffs and Class Counsel may be entitled to attorneys' fees and expenses for any future actions taken to enforce this Consent Order, including but not limited to successfully defending against a motion to modify or terminate this Consent Order brought by FDOC, or bringing a successful motion requesting that this Consent Order stay in place after Final Approval is entered.

Under *Pottinger v. City of Miami*, 805 F.3d 1293 (11th Cir. 2015), this provision of the consent decree is controlling and is properly interpreted just as a

Case No. 4:15cv452-RH/CAS

contract would be. The plaintiffs are not entitled to fees on any other basis, including under 42 U.S.C. § 1988. The issue is simply whether the plaintiffs are entitled to a fee award under the quoted fee provision. To this extent, *Pottinger* is squarely on point and controlling.

    The Secretary says *Pottinger* also controls the *interpretation* of the fee provision, but that is not so. In *Pottinger*, the consent decree had separate provisions for subsequent proceedings to enforce the decree, on the one hand, or to modify the decree, on the other hand. The former included a fee provision; the latter did not. The Eleventh Circuit held that the plaintiffs were not entitled to a fee award in connection with the modification of the decree. This was a straightforward interpretation of the decree at issue there.

    Here, in contrast, the decree treats fees in connection with enforcement in the same sentence as fees in connection with modification. Fees may be awarded for "actions taken to enforce" the decree, "including but not limited to successfully defending against a motion to modify or terminate" the decree. If actions "to enforce" include defending motions "to modify," then it is not true here, as it was in *Pottinger*, that the decree treats enforcement and modification as wholly separate concepts.

    Note, though, that defending a motion to terminate has a clear connection with enforcement; if a decree is terminated, it can no longer be enforced. Similarly,

defending a motion to modify may be essential to future enforcement. The best reading of this decree's fee provision is that the plaintiffs are entitled to fees not just for actions explicitly enforcing the decree but also for actions on modification or termination issues that are critical to future enforcement. And the best reading is that "actions" means court proceedings—writing a letter or having a discussion that results in compliance, though in one sense a step "to enforce" the decree, is not enough.

The decree allows fees for defending a motion to modify or terminate only if the defense of the motion was successful. There is no such express limitation on the allowance of fees for enforcement generally. The Secretary asserts, in effect, that the requirement for success should be read in anyway, and perhaps it should be. In any event, the provision says only that the plaintiffs "may" be entitled to a fee award. This vests the court with discretion—and denying fees in the absence of success would, at least in most circumstances, be an appropriate exercise of discretion.

The plaintiffs' attorneys provided excellent representation to obtain the consent decree, but they were paid the fee they negotiated for that representation. The decree contemplated at least some further action by the attorneys without additional pay. The attorneys apparently went above and beyond in monitoring the decree and holding the Secretary's feet to the fire. But there has been no finding by

the court, and no admission by the Secretary, that there was any actual violation of the decree or need for enforcement. While the issue is close, the plaintiffs have not shown that the actions they have taken since entry of the consent decree were taken "to enforce," rather than simply to monitor and improve, the consent decree, or that, as a matter of discretion, they should be awarded additional fees.

For these reasons,

IT IS ORDERED:

1. The renewed motion to enforce the consent decree, ECF No. 424, is denied as moot.

2. The motion to terminate the consent decree, ECF No. 423, is granted. The consent decree is terminated effective upon the docketing of this order. Jurisdiction is retained to award the attorney's fees to which the plaintiffs are entitled as set out in this order.

3. The plaintiffs' motion to determine entitlement to a fee award, ECF No. 432, is denied.

SO ORDERED on August 28, 2021.

                s/Robert L. Hinkle
                United States District Judge